

# IN THE
# TENTH COURT OF APPEALS

**No. 10-16-00251-CR**
**No. 10-16-00252-CR**

**JOHNNY CANDIDO MANSOLO,**

                                                                            **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                                                            **Appellee**

### From the 19th District Court
### McLennan County, Texas
### Trial Court Nos. 2015-447-C1 & 2015-49-C1

## ORDER

Johnny Candido Mansolo's convictions were affirmed by this Court on December 14, 2014. *See Mansolo v. State*, Nos. 10-16-00251-CR & 10-16-00252-CR, 2016 Tex. App. Lexis 13224 (Tex. App.—Waco Dec. 14, 2016, no pet. h.) (publish). After the convictions were affirmed and Mansolo's appointed attorney was released from representing him pursuant to *Anders* procedures, *see Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L.

Ed. 2d 493 (1967), Mansolo filed a Motion for Extension of Time to File Motion for Rehearing and Rehearing En Banc requesting an additional 30 days to file a motion for rehearing and rehearing en banc in each appeal.  We granted Mansolo's motion, and his motion for rehearing was due on February 10, 2017.

On February 13, 2017, we received another motion for extension of time from Mansolo.  Although the motion is styled, "In the Tenth Court of Appeals" and was specifically mailed to this Court, it is entitled, "Second Motion for Extension of Time to File Petition for Discretionary Review" and is addressed to "The Honorable Judges of the Court of Criminal Appeals."  We have determined that Mansolo has not previously filed a motion for extension of time to file a petition for discretionary review with the Court of Criminal Appeals.  Further, in the motion he states his "petition for discretionary review" is due February 10, 2017, the date his motion for rehearing was due.  Thus, we consider this motion to be a second motion for extension of time to file his motion for rehearing.

In his first motion, Mansolo asked for an extension of 30 days to file his motion for rehearing.  He was given over 30 days from the date it was otherwise due.  He now requests an additional 60 days alleging he was not informed of our decision in his case until February 3, 2017 and was trying to "gain legal representation in this matter."  We note that Mansolo knew about our decision in his case well before February 3, 2017.  Aside from the fact that his first motion was filed on December 30, 2016, and was signed

by Mansolo, he also asserted in that motion that he needed the extension because he was only informed of our decision on December 20, 2016.

Mansolo has had ample time to file a motion for rehearing in each of his appeals. His second motion, and the blatant misrepresentations therein, shows to us that he is not serious in his attempts to file a motion for rehearing. We do not tolerate the type of game Mansolo is playing.

Accordingly, Mansolo's "Second Motion for Extension of Time to File Petition for Discretionary Review," which we are treating as a second motion for extension of time to file a motion for rehearing, is denied.

PER CURIAM

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Motion denied
Order issued and filed March 8, 2017

